```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**WILLIAM SINE, as Administrator
of the Estate of Regina Lou Sine,
Decedent**

       **Plaintiff,**

**v.**                    **CIVIL ACTION NO. 1:14CV143**
                                     **(Judge Keeley)**

**LORNE SHEREN, MD,**

       **Defendant.**

**<u>ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE
JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE
TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]</u>**

     On February 12, 2015, the defendant, Lorne Sheren, M.D. ("Dr. Sheren") filed a motion to exclude the testimony of John H. Lecky, M.D., the expert of the plaintiff, William Sine, Administrator of the Estate of Regina Lou Sine, Decedent ("Mr. Sine") (Dkt. No. 16). The Court referred the motion to the Honorable John S. Kaull, United States Magistrate Judge, who issued a report and recommendation ("R&R") on April 3, 2015, recommending that the Court deny Dr. Sheren's motion (Dkt. No. 26). For the reasons that follow, the Court **ADOPTS** the R&R in its entirety and **DENIES** Dr. Sheren's motion to exclude.

<u>**BACKGROUND**</u>

     On September 14, 2013, Regina Lou Sine ("Mrs. Sine"), the spouse of Mr. Sine, was admitted to Fairmont General Hospital complaining of severe abdominal pain (Dkt. No. 1-1 at 5). Upon admission, she was diagnosed with a gastro-intestinal perforation,

**SINE V. SHEREN**                                                          **1:14CV141**

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

which required immediate surgery.  Id.  Dr. Sheren, an anesthesiologist, provided anesthesia services during Mrs. Sine's successful surgery.  Id. at 5-6.  Dr. Sheren extubated Mrs. Sine in the operating room, and staff transported her to the intensive care unit ("ICU").  Id. at 6.  Upon her arrival in the ICU, Mrs. Sine was "visibly cyanotic, cold to the touch, pale, and appeared to be apneic."  Id.  Mrs. Sine ultimately went into respiratory and cardiac arrest, and died on September 22, 2013.  Id.

Mr. Sine filed suit in the Circuit Court of Marion County on July 24, 2014, alleging two counts of medical professional liability pursuant to W. Va. Code § 55-7B-1, and wrongful death pursuant to W. Va. Code § 55-7-6 (Dkt. No. 1 at 1-2).  Dr. Sheren allegedly prematurely extubated Mrs. Sine when she was still in unstable condition in the operating room, and failed to monitor her respiratory status, leading to her eventual wrongful death (Dkt. No. 1-1 at 6).  On August 25, 2014, Dr. Sheren removed the case to this Court based on diversity jurisdiction (Dkt. No. 1 at 1).

On February 12, 2015, Dr. Sheren filed a motion to exclude the testimony of Mr. Sine's expert, Dr. John H. Lecky ("Dr. Lecky"), arguing that Dr. Lecky is neither competent under the West Virginia Medical Professional Liability Act ("MPLA"), nor qualified under

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

Daubert v. Merrell Dow Pharma., Inc., 509 U.S. 579, 588-89, 113 S.Ct. 2786 (1993), to offer expert testimony regarding the care Mrs. Sine received (Dkt. No. 16 at 9-12). Dr. Sheren also argued that, under Federal Rule of Evidence 403, the potential prejudice or confusion to the jury resulting from Dr. Lecky's testimony would outweigh its probative value. Id. On February 20, 2015, Mr. Sine responded, opposing Dr. Sheren's motion (Dkt. No. 17). On February 27, 2015, Dr. Sheren filed a reply (Dkt. No. 18), and, on March 4, 2015, with leave of Court, Mr. Sine filed a surreply (Dkt. No. 21).

On March 24, 2015, the Court referred the motion to Magistrate Judge Kaull (Dkt. No. 23), who held a motion hearing on March 31, 2015. On April 3, 2015, Magistrate Judge Kaull entered a R&R, recommending that the Court deny Dr. Sheren's motion to exclude (Dkt. No. 26). On April 17, 2015, Dr. Sheren filed an objection.[1]

---

[1] When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review de novo only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F.Supp. 825 (E.D. Cal. 1979).

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

## LEGAL STANDARD

### A. Competency of Dr. Lecky

Federal Rule of Evidence 601 provides that witnesses are presumed to be competent unless another rule provides otherwise. Fed. R. Evid. 601. In civil cases, however, "state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." Id. In other words, in federal diversity actions where the Court applies state substantive law, Rule 601 mandates that parties comply with the competency requirements in the MPLA. Myers v. Reason, 2007 WL 704510 at *1 (N.D.W. Va. Feb. 12, 2007) (Stamp, J.).

Under the version of the MPLA in effect in September, 2013, a plaintiff such as Mr. Sine must establish five elements to prove that his expert witness is competent to testify. These include:

(1) the expert witness actually holds the opinion;

(2) the expert witness can testify to the opinion "with reasonable medical probability";

(3) the expert witness "possesses professional knowledge and expertise coupled with knowledge of the applicable standard of care to which his or her expert opinion testimony is addressed";

**SINE V. SHEREN**                                                    **1:14CV141**

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

(4) the expert witness is currently licensed to practice medicine "with the appropriate licensing authority" in any state, so long as the expert witness's license has not been revoked or suspended in the past year in any state; and,

(5) the expert witness "is engaged or qualified in a medical field in which the practitioner has experience and/or training in diagnosing or treating injuries or conditions similar to those of the patient. If the witness meets all of these qualifications and devoted, at the time of the medical injury, sixty percent of his or her professional time annually to the active clinical practice in his or her medical field or speciality, or to teaching in his or her medical field or specialty in an accredited university, **there shall be a rebuttable presumption** that the witness is qualified as an expert."

W. Va. Code § 55-7B-7(a)(emphasis added).[2] Section 7 also provides that "[n]othing contained in this section may be construed to limit a trial court's discretion to determine the competency or lack of

---

[2] The MPLA was amended, effective March 9, 2015. As in the R&R, however, the Court will use the version of W. Va. Code § 55-7B-7 in effect at the time of the incident.

5

**SINE V. SHEREN**                                                       **1:14CV141**

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

competency of a witness on a ground not specifically enumerated in this section." W. Va. Code § 55-7B-7(b).

Under the rebuttable presumption in the MPLA, an expert who does not devote sixty percent or more of his time to clinical practice or teaching is not barred from testifying; rather, if an expert does devote sixty percent or more of his time to those activities, the presumption will arise that he is competent. Myers, 2007 WL 704510 at *2. The Court must assess the competency of a witness before determining whether or not he is qualified. See Myers, 2007 WL 704510 at *2-3.

**B.   Qualifications of Dr. Lecky**

Under Fed. R. Evid. 702, an expert witness must be qualified by "knowledge, skill, experience, training, or education." If that threshold is satisfied, the expert may offer testimony in the form of an opinion, but only if all of the following are true:

   (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

   (b)   the testimony is based on sufficient facts or data;

   (c)   the testimony is the product of reliable principles and methods; and

   (d)   the expert has reliably applied the principles and methods to the facts of the case.

**SINE V. SHEREN**                                                  **1:14CV141**

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

Fed. R. Evid. 702.

The current version of Rule 702, as amended in 2000 and 2011, reflects the seminal decisions of the Supreme Court of the United States in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993), and its progeny. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 S.Ct. 1167 (1999). See also Fed. R. Evid. 702 advisory committee's note. Under Daubert, "the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." 509 U.S. at 592; see also Kumho, 526 U.S. at 147 (extending Daubert's application to "all expert testimony").

The mechanism by which courts perform this gatekeeping function is found in Fed. R. Evid. 104(a), which requires courts to decide "any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." The proponent of the testimony bears the burden of proving the expert's qualifications and the reliability of the opinions by a preponderance of the evidence. See Daubert, 509 U.S. at 592 n.10

SINE V. SHEREN                                                1:14CV141

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

(citing Bourjaily v. United States, 483 U.S. 171, 175-76 (1987)); Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001).

**C.    Potential for Prejudice or Confusion**

Under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ."  Fed. R. Evid. 403.  "The prejudice which [Rule 403] is designed to prevent is jury emotionalism or irrationality." United States v. Fernandez, 981 F.2d 1252 at *2 (4th Cir. 1992) (quoting United States v. Greenwood, 796 F.2d 49, 53 (4th Cir. 1986)).  The admission of evidence causes unfair prejudice under Rule 403 when it may "lead the jury 'to make a decision on the basis of a factor unrelated to the issues properly before it.'" United States v. McKenzie, 983 F.2d 1058 at *2 (4th Cir. 1993) (quoting Mullen v. Princess Anne Volunteer Fire Co., 853 F.2d 1130, 1134 (4th Cir. 1988)).  In contrast, damage to the defendant's case is not a valid basis for excluding probative evidence under Rule 403 because "[e]vidence that is highly probative invariably will be prejudicial to the defense." United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998).

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

The decision whether to exclude otherwise relevant evidence under Rule 403 "rests within the sound discretion of the district court and will be disturbed only in exceptional circumstances showing abuse of discretion." United States v. Johnson, 998 F.2d 1011 at *2 (4th Cir. 1992) (citing United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990)).

## ANALYSIS

**A.   Competency of Dr. Lecky**

Dr. Sheren argues that Mr. Sine has not established that Dr. Lecky is competent to address, to a reasonable medical probability, the standard of care and any deviation from that standard at the time of Mrs. Sine's death, because he "had not engaged in any clinical practice, teaching, or research in the field of anesthesiology, or any other known field, for nearly ten (10) years . . . ." (Dkt. No. 16 at 9). Specifically, Dr. Sheren asserts that Dr. Lecky (1) cannot establish the statutory presumption of competency; (2) cannot testify to his opinion with reasonable medical probability; (3) does not possess professional knowledge and expertise of the applicable standard of care; and, (4) lacks a current medical license (Dkt. No. 18 at 2).

**SINE V. SHEREN**                                              **1:14CV141**

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

According to Dr. Lecky's CV, he retired from teaching in February, 2006, and from providing care in an emergency or hospital setting in 2002. <u>Id.</u> at 10. Although Dr. Lecky has been involved in projects to raise awareness about substance abuse problems among anesthesiologists, Dr. Sheren argues that "this activity would not relate in any way to patient care generally, the patient care at issue, or the medical issues in this case." <u>Id.</u>

In response, Mr. Sine argues that he has not asserted the 60% statutory rebuttable presumption, and is prepared to prove Dr. Lecky's qualifications <u>ab</u> <u>initio</u>, based on his CV (Dkt. No. 17 at 2). He also asserts that, under current West Virginia law, the "determination of expert qualifications is the exclusive function of the Court," and that "statutory provisions to the contrary are of no effect." <u>Id.</u>

Magistrate Judge Kaull found that Dr. Sheren misinterpreted the rebuttable presumption contained in the MPLA, and found that he "presented no evidence that Dr. Lecky does not meet any of the five (5) criteria set forth [in the MPLA]." (Dkt. No. 26 at 4-5). Dr. Sheren objected to this conclusion, reiterating that Mr. Sine bears the burden of establishing Dr. Lecky's competency (Dkt. No. 28 at 1).

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

The Court agrees that Dr. Lecky is not entitled to the rebuttable presumption because, at the time of the incident, he did not devote more than 60% of his time to active clinical practice or teaching. W. Va. Code § 55-7B-7(a). As such, Mr. Sine must establish that Dr. Lecky is competent to testify as to both the standard of care at the time of Mrs. Sine's death, and whether Dr. Sheren deviated from that standard. Id.

First, Mr. Sine must show that Dr. Lecky actually holds the purported opinion. W. Va. Code § 55-7B-7(a)(1). In his affidavit, Dr. Lecky stated his opinion that Dr. Sheren "deviated from the most basic Standards of Medical Care" by prematurely extubating and failing to monitor Mrs. Sine on the way from the operating room to the ICU (Dkt. No. 17-1 at 2). Mr. Sine has adequately laid the foundation for Dr. Lecky's testimony as to the first requirement under the MPLA.

Second, Mr. Sine must show that Dr. Lecky can testify to his opinion with reasonable medical probability. W. Va. Code § 55-7B-7(a)(2). Dr. Lecky has averred that he is "fully aware" of the applicable standard of care in this case, and that the issues "are very basic ones." (Dkt. No. 17-1 at 2). He explained that Mrs. Sine's PCO2 levels and "markedly abnormal arterial Ph" indicated a

**SINE V. SHEREN** 1:14CV141

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

prolonged period of inadequate ventilation, directly refuting Dr. Sheren's statement that Mrs. Sine began to have difficulties just as they were reaching the ICU. Id. Finally, Dr. Lecky stated that Dr. Sheren failed to accomplish the "most basic tasks for an anesthesiologist" that are taught "during the first week of Anesthesia Residency," including ensuring an airway, ensuring adequate ventilation, monitoring the unconscious patient, and preparing to intervene to reestablish an airway and ventilation. Id. at 2-3. It is clear that Dr. Lecky is capable of opining, to a reasonable medical probability, as to the applicable standard of care, that Dr. Sheren violated that standard, and the basis for his opinion. See Estate of Fout-Iser ex rel. Fout-Iser v. Hahn, 649 S.E.2d 246, 250-51 (W. Va. 2007) (finding that the expert witness survived summary judgment based on the "reasonable medical probability" standard when he was able to state the standard of care and why he believed the defendant violated that standard).

Third, Mr. Sine must establish that Dr. Lecky "possesses professional knowledge and expertise coupled with knowledge of the applicable standard of care to which [his] expert opinion testimony is addressed." W. Va. Code § 55-7B-7(a)(3). Dr. Lecky practiced and taught in the specialty of anesthesiology for almost forty

**SINE V. SHEREN**                                                1:14CV141

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

years until his retirement from clinical practice in March, 2006 (Dkt. No. 16-1 at 1, 20).

After his residency and fellowship at the University of Pennsylvania School of Medicine, Dr. Lecky joined the faculty, where he remained as an Assistant, and then Associate, Professor until 1988. Id. at 1. In 1988, Dr. Lecky joined the University of Washington Medical School as a Professor of Anesthesiology, where he remained until 2006, when he became an Emeritus Professor. Id.

Dr. Lecky actively practiced in the field of anesthesiology from 1972 until 2006, when he retired due to health concerns. Id. at 2, 20-21. Dr. Lecky still holds an active retired medical license, and maintains his continuing medical education requirements (Dkt. No. 17-1 at 2). He estimates that, during his thirty-nine year career, he supervised and trained over 1,000 residents and "was active in the evaluation and recovery of approximately 50,000 patients," many of whom, as Mrs. Sine, had multiple co-morbidities. Id. He averred that he has "never harmed or killed a patient," and has never been sued. Id.

Although Dr. Lecky was not actively practicing medicine when Mrs. Sine's injury occurred in 2013, he possesses the requisite knowledge and experience from his long career in the specialty of

13

SINE V. SHEREN                                              1:14CV141

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

anesthesiology, both as a practitioner and as an instructor. The MPLA does not require current medical practice to establish competency; rather, it requires current medical practice to invoke the rebuttable presumption, to which Dr. Lecky is not entitled for the reasons already stated. W. Va. Code § 55-7B-7(a)(5). For those reasons, the Court finds that Mr. Sine has met his burden of establishing that Dr. Lecky provides professional knowledge and expertise, coupled with knowledge of the applicable standard of care.

Fourth, Mr. Sine must establish that Dr. Lecky "maintains a current license to practice medicine with the appropriate licensing authority of any state of the United States: *Provided*, That the expert witness' license has not been revoked or suspended in the past year in any state." W. Va. Code § 55-7B-7(a)(4) (emphasis in original). Dr. Lecky maintains an active retired medical license in the State of Washington, which limits him to practice ninety days per year if he so desires (Dkt. No. 17-1 at 2). Although the exact issue of whether an "active retired" license qualifies as "current" under the MPLA is one of first impression in this state, it would be manifestly unfair to preclude Dr. Lecky from testifying on that basis. The status of his license is still active.

SINE V. SHEREN                                                    1:14CV141

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

Therefore, the Court, in its discretion, finds that Dr. Lecky does maintain a "current license" because he can still engage in the practice of medicine, and is still required to undergo continuing medical education.

Finally, Mr. Sine must show that Dr. Lecky "is engaged or qualified in a medical field in which the practitioner has experience and/or training in diagnosing or treating injuries or conditions similar to those of the patient." W. Va. Code § 55-7B-7(a)(5). Dr. Lecky is qualified in the field of anesthesiology, and, as previously discussed, has adequate experience in diagnosing and treating injuries similar to those suffered by Mrs. Sine (Dkt. No. 16-2; Dkt. No. 17-1).

Mr. Sine has established the foundation for Dr. Lecky's testimony under the MPLA, despite the inapplicability of the rebuttable presumption. W. Va. Code § 55-7B-7(a). For all of these reasons, therefore, the Court **DENIES** Dr. Sheren's motion to exclude Dr. Lecky's testimony under the MPLA, and turns next to whether Dr. Lecky is qualified under Rule 702 and Daubert.

**B.   Qualifications of Dr. Lecky**

Dr. Sheren argues that Dr. Lecky's opinions are conjectural and unreliable "due to his lack of clinical and teaching in the

**SINE V. SHEREN**                                                    **1:14CV141**

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

field of anesthesiology over the prior seven (7) and a half years, and his lack of practice in an emergency hospital setting for over ten (10) years." (Dkt. No. 16 at 11). For his part, Mr. Sine argues that "Dr. Lecky will testify as to the known standard of care with respect to the timing of extubation," and will not testify as to anything unscientific or unproven (Dkt. No. 17 at 4).

In his R&R, Magistrate Judge Kaull found that Dr. Sheren "failed to present the Court with any evidence that the science upon which Dr. Lecky intends to testify is unreliable 'junk science'" requiring exclusion under Daubert (Dkt. No. 26 at 7). As in Myers, 2007 WL 704510 at *3, Dr. Sheren's disputes with Dr. Lecky's testimony can be remedied through trial tactics such as cross-examination and the presentation of evidence. Id.

In his objections, Dr. Sheren argues that the Court should look to whether Dr. Lecky's testimony will be reliable and helpful, and not simply as to whether his theories constitute "junk science." (Dkt. No. 28 at 3). Here, Dr. Sheren asserts, Dr. Lecky's testimony would be based upon speculation and conjecture because of his lack of recent clinical practice, and would therefore not be reliable or assist the jury. Id. at 4.

SINE V. SHEREN                                                  1:14CV141

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

First, the Court must assess whether Dr. Lecky is qualified as an expert by "knowledge, skill, experience, training, or education . . . ." Fed. R. Evid. 702. For all of the reasons previously discussed, the Court finds that Dr. Lecky's long career as a practitioner and an instructor of anesthesiology qualify him as an expert.

Next, Dr. Lecky may offer his opinion if (1) his scientific, technical, or other specialized knowledge will help the trier of fact understand the evidence or determine a fact in issue; (2) his testimony is based on sufficient facts or data; (3) his testimony is the product of reliable principles and methods; and, (4) he has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702(a)-(d).

At base, Dr. Sheren argues that Dr. Lecky should not be permitted to opine because his knowledge will not help the trier of fact, and is unreliable solely due to his lack of recent clinical or instructional practice. "Opinions from Dr. Lecky regarding the standard of care applicable to an emergency surgical situation in September 2013 and any deviation therefrom, by necessity, would be based upon speculation and conjecture due to his lack of clinical practice and teaching in the field of anesthesiology over the prior

17

SINE V. SHEREN                                                         1:14CV141

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

seven (7) years, and his lack of practice in an emergency hospital setting for over ten (10) years." (Dkt. No. 28 at 4).

Dr. Sheren's argument is unpersuasive. As previously discussed, Dr. Lecky has averred that he is familiar with the standard of care, that the principles applicable to Mrs. Sine's case are basic, that Dr. Sheren violated the standard of care, and the basis for his belief that Dr. Sheren did so. Dr. Lecky's testimony will greatly help the trier of fact resolve the central issue in the case–whether Dr. Sheren prematurely extubated Mrs. Sine in violation of the applicable standard of care, causing her wrongful death. Furthermore, it rejects Dr. Sheren's argument that Dr. Lecky's testimony is unreliable simply due to the proximity of his last professorship or active emergency room position. Rule 702 and Daubert do not require active clinical practice, and Dr. Sheren's argument to that effect fails for the same reasons described earlier. For all of these reasons, the Court **DENIES** Dr. Sheren's motion to exclude Dr. Lecky's testimony under Rule 702 and Daubert.[3]

---

[3] Dr. Sheren objects to the recommendation in the R&R that the Court deny his motion to exclude based on competency and qualifications "with prejudice" (Dkt. No. 28 at 5). He "respectfully requests that any adverse ruling" preserve his right to continue to question Dr. Lecky's competence and qualifications

**SINE V. SHEREN**                                                    **1:14CV141**

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

**C.   Potential for Prejudice or Confusion**

Finally, Dr. Sheren argues that Dr. Lecky's testimony should be excluded under Fed. R. Evid. 403 because its probative value is substantially outweighed by the risk of prejudice or confusing the jury (Dkt. No. 16 at 11-12).  He asserts that "Dr. Lecky has been disclosed to offer speculation and conjecture under the guise of an expert opinion, which neither is helpful nor the product of reliable evidence.  His testimony, based on clinical practice and teaching in the distant past, only will serve to confuse the issues and confuse the jury."  Id. at 12.

Magistrate Judge Kaull found that insufficient evidence presently existed to find that Dr. Lecky's testimony is based upon speculation and conjecture (Dkt. No. 26 at 7).  Therefore, he recommended denying without prejudice Dr. Sheren's motion to exclude based on Rule 403.  Id. at 8.  Dr. Sheren objected to the R&R, reiterating his original argument that Dr. Lecky's testimony would mislead the jury (Dkt. No. 28 at 4-5).

---

throughout discovery and trial.  Id.  It is axiomatic that "orders that do not terminate the action by entry of judgment . . . are not final."  Amar, et al., Federal Practice and Procedure, § 3914.1 Finality–Orders Prior to Trial–Pleadings, 15A Fed. Prac. & Proc. Juris. § 3914.1 (2d ed. 2015).

SINE V. SHEREN                                                    1:14CV141

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [DKT. NO. 26] AND DENYING THE DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF JOHN H. LECKY, M.D. [DKT. NO. 16]**

After due consideration, the Court finds no cause to conclude that the probative value of Dr. Lecky's testimony would be substantially outweighed by a danger of prejudicing or confusing the jury. As the Court has already explained, Dr. Lecky's opinion is reliable under Rule 702, and any disagreements with his testimony should be resolved at trial using cross-examination and other trial techniques. <u>Daubert</u>, 509 U.S. at 596. Therefore, it **DENIES** Dr. Sheren's motion to exclude based on Rule 403.

<u>**CONCLUSION**</u>

For all of the reasons stated, the Court **ADOPTS** the R&R (Dkt. No. 26) and **DENIES** Dr. Sheren's motion to exclude Dr. Lecky's testimony (Dkt. No. 16).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED:  April 24, 2015.

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
